# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**John Paul Lambert,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0150** (Marion County 16-C-210)

**Donnie Ames, Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Paul Lambert, by counsel Brent Cameon, appeals the January 31, 2019, order of the Circuit Court of Marion County denying his petition for post-conviction habeas corpus relief. Respondent Donnie Ames, Superintendent, Mount Olive Correctional Complex, by counsel Mary Beth Niday, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on February 8, 2011, for distribution and display of obscene matter to a minor in violation of West Virginia Code § 61-8A-2(a); and sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5. Both offenses were alleged to have occurred early in December of 2010, when petitioner was babysitting four-year-old S.W. (the "victim"), and two other children, his niece and the victim's sister, at the house where he resided.

On December 17, 2010, the victim told her mother that petitioner, her "Uncle Jason," "showed me his tail." Thereafter, Cpl. Adam Scott of the West Virginia State Police spoke with the victim's mother, conducted a forensic evaluation of the victim, interviewed petitioner's sister and niece, executed a search warrant at the scene, and took petitioner's statement.

During the search of petitioner's bedroom, Cpl. Scott found four adult pornographic commercial DVDs, adult pornographic magazines, a bottle of lotion or hair conditioner, and a lollypop. Petitioner thereafter admitted to Cpl. Scott that on December 4 or 5, 2010, his niece, the

1

victim's sister, and the victim had been playing outside. However, the victim came inside the house while the other two girls stayed outside. Petitioner admitted that the victim was sitting on his bed and that he was viewing pornography on the television and in magazines and was masturbating. Petitioner also admitted that he told the victim, "touch it, touch it" and "how does this feel to you . . . I mean do you want to touch it?" Petitioner initially said that, although the victim was sitting on the bed, he believed she was positioned in such a way that she could not see him masturbate. However, petitioner later admitted that the victim probably did see him masturbate, but he thought it was best not to leave the victim in a room by herself. Petitioner also admitted that he asked the victim not to tell anyone about what he did.

Petitioner's two-day trial commenced on November 16, 2011. The State called the victim's mother, the victim's nine-year-old sister, a Child Protective Services worker, and Cpl. Scott. The victim did not testify as she was found incompetent to testify due to her tender years. During his case in chief, petitioner called his niece and his sister.

The circuit court instructed the jury that to convict petitioner of sexual abuse by a parent, guardian, or custodian, the State was required to prove, beyond a reasonable doubt, that petitioner "[d]id engage or attempt to engage in sexual exploitation, sexual intercourse, sexual intrusion, and/or sexual contact with, a child under his or her care, custody, or control." The circuit court then defined "sexual exploitation" in accordance with West Virginia Code § 61-8D-1(10), as follows:

"Sexual exploitation" means an act whereby:

(A) A parent, custodian, guardian or other person in a position of trust to a child, whether for financial gain or not, persuades, induces, entices or coerces the child to engage in sexually explicit conduct as that term is defined in section one, article eight-c, chapter sixty-one of this code; or

(B) A parent, guardian, custodian or other person in a position of trust in relation to a child persuades, induces, entices or coerces the child to display his or her sex organs for the sexual gratification of the parent, guardian, custodian, person in a position of trust or a third person, or to display his or her sex organs under circumstances in which the parent, guardian, custodian or other person in a position of trust knows such display is likely to be observed by others who would be affronted or alarmed.

The jury convicted petitioner on both counts of the indictment.

On May 11, 2012, the trial court sentenced petitioner to a five-year determinate sentence for distribution and display of obscene material to a minor, and a concurrent indeterminate sentence of ten to twenty years for sexual abuse by a parent, guardian, or custodian. This Court affirmed petitioner's conviction and sentence on October 25, 2013. *See State v. Lambert*, 232 W. Va. 104, 750 S.E.2d 657 (2013).

Thereafter, petitioner, as a self-represented litigant, filed a petition for post-conviction habeas corpus relief and the habeas court appointed counsel. On January 3, 2017, petitioner, by

counsel, filed an amended petition for habeas relief alleging the following six grounds: (1) conviction under West Virginia Code § 61-8D-5 cannot be justified by displaying obscene matter contrary to the trial court's instructions; (2) hearsay evidence is insufficient corroboration to prove the corpus delecti of attempted custodial sexual contact; (3) disjunctive jury instructions deprived the defendant of his right to be convicted by a unanimous jury; (4) even if the State proved attempted sexual contact, enhanced punishment under West Virginia Code § 61-8D-5 is disproportionate; (5) petitioner's due process rights were violated because the court did not rule on petitioner's motion to dismiss; and (6) petitioner's counsel provided ineffective assistance by not challenging or appealing the trial court's determination that custodial indecent exposure constituted sexual exploitation.

The habeas court held petitioner's omnibus evidentiary hearing on May 29, 2018. The parties called no witnesses, but the court heard the parties' proffers and argument. Thereafter, by order entered on January 31, 2019, the habeas court denied relief.

Petitioner now appeals and addresses only his conviction for sexual abuse by a parent, guardian, or custodian. We review such claims under the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Petitioner raises two assignments on appeal. In both, petitioner argues that his trial counsel was ineffective.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). "Failure to meet the burden imposed by either part of the *Strickland/Miller* test is fatal to the habeas petitioner's claim." *State ex rel. Vernatter v. Warden*, *W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999).

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a

3

reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Miller*, 194 W. Va. at 6-7, 459 S.E.2d at 117-18, syl. pt. 6. However, the Court will "presume strongly that counsel's performance was reasonable and adequate." *Id.* at 16, 459 S.E.2d at 127. Further, "[w]hat defense to carry to the judge, what witnesses to call, and what method of presentation to use is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Id.* As for the second *Strickland* prong, petitioner must demonstrate prejudice. To do so, "a defendant must prove there is a 'reasonable probability' that, absent the errors, the jury would have reached a different result." *Id.* at 15, 459 S.E.2d at 126.

In petitioner's first assignment of error, he claims that his trial counsel was ineffective because his trial counsel failed to prevent the trial court from improperly instructing the jury regarding the requirements to find sexual abuse by a parent, guardian, or custodian. Petitioner argues that West Virginia Code § 61-8D-1(10) defines sexual exploitation in one of two ways: when a guardian persuades a child to perform sexual conduct as described in § 61-8D-1(10); or when a guardian persuades a child to display his or her sex organs. Petitioner asserts that neither of those things happened here. Therefore, he claims his trial counsel was ineffective because he did not question whether petitioner could be found guilty of sexual exploitation when he asked the victim to touch his genitals. Petitioner asserts that the State arguably could have made the case that petitioner attempted to persuade the victim to perform masturbation. However, petitioner avers that masturbation regards the stimulation of one's own genitals. Petitioner also asserts that when a man asks another to touch his genitals, the man is attempting to engage the other person in his masturbation. However, petitioner contends that he was charged with committing a statutory offense and statutes must be strictly construed in favor of the accused. *See Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981). Petitioner also argues that if he had asked the victim to masturbate, i.e., to touch herself, that would have been "sexually explicit conduct" as defined by West Virginia Code §§ § 61-8D-1(10) and 61-8C-1(c)(7) (defining "[s]exually explicit conduct" as including "masturbation"). However, he did not. Finally, although petitioner admits that he exposed his genitals to the victim, he claims West Virginia Code § 61-8D-1(10)(B) regards the instance where a guardian persuades a child to expose his or her genitals.

We disagree and find that petitioner's trial counsel was not ineffective because he did not challenge the jury instructions regarding sexual abuse by a guardian, i.e., "whether a guardian commits sexual abuse by asking a child to touch the guardian's genitals."

In bringing his ineffective assistance of counsel claim, petitioner argues that masturbating in front of a young child does not constitute sexually explicit conduct under West Virginia Code § 61-8C-1(c). The evidence at petitioner's trial showed that petitioner persuaded, induced, or enticed the victim to touch his genitals while he was masturbating. Such conduct constitutes "sexually explicit conduct" within the meaning of West Virginia Code §§ 61-8C-1(c)(7) and - (10), that is, masturbating and exposing genitals in a sexual context, both of which constitute sexual exploitation within the meaning of West Virginia Code § 61-8D-5(a). We also find that the court properly instructed the jury on the charge of sexual abuse by a guardian in accordance with the relevant statutes. Accordingly, we find that petitioner's trial counsel was not deficient on an objective level for opting not to object to the jury instructions, and that petitioner was not

4

prejudiced, because the instructions accurately summarized the relevant law regarding the State's burden of proof for the crime of sexual abuse by a parent, guardian, or custodian.

Petitioner's second and final assignment of error is that his trial counsel provided ineffective assistance in failing to properly object to a disjunctive jury instruction (found on page two herein). Petitioner avers that the jury instruction regarded attempting to engage the victim in masturbation and acts of custodial indecent exposure. Petitioner claims that neither of these acts are crimes under the charged statute. Petitioner argues that submitting in the disjunctive two or more possible crimes to a jury in a single issue instruction is ambiguous because it cannot be determined whether the jury unanimously found the defendant guilty of the first crime, the second crime, or both crimes, or if some jurors found the defendant guilty of the first crime and other jurors found the defendant guilty of the second crime. Petitioner asserts that, in such instances, the defendant is deprived of his right to be convicted by a unanimous jury. Petitioner admits that this Court has said that charging in the disjunctive does not raise concerns about unanimous jury verdicts. *See State v. Wesley M.*, No. 12-0224, 2013 WL500136 (W. Va. Feb. 11, 2013)(memorandum decision). Nevertheless, petitioner claims *Wesley* is distinguishable given that the jury instruction in *Wesley* provided that the defendant could be found guilty if he "possessed or displayed" child pornography and the Court rejected the argument because one cannot display child pornography if one does not possess it.

We disagree. Petitioner contends the jury instruction was a disjunctive instruction, that is, the jury could find him guilty either (1) for attempting to have the victim touch his genitals or (2) for sexual exploitation. Petitioner therefore concludes that his trial counsel was ineffective for failing to challenge the instruction. The following cases show petitioner's argument to be in error.

First, in *Wesley M.*, 2013 WL 500136, at *2, the trial court's use of the disjunctive "or" in its jury instructions was found to be proper because West Virginia Code § 61-8C-3 provided for multiple alternative methods for committing the same offense. The statute in the instant case, West Virginia Code § 61-8D-5(a), like the statute in *Wesley M.*, provides multiple alternative methods for committing sexual abuse by a guardian, i.e., "attempt[ing] to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody, or control." Accordingly, petitioner's trial counsel's decision not to object to an accurate instruction was neither deficient under an objective standard of reasonableness, nor prejudicial to petitioner.

Second, in *State v. Simons*, No. 11-0917, 2012 WL 3079097, at *3-4 (W. Va. Apr. 16, 2012)(memorandum decision), the Court held that a defendant's act of masturbating in front of a mirror, along with his statement that he wanted to "get a piece of ass off [the victim]," constituted both the use of obscene material to seduce a minor, and sexual abuse by a parent, guardian, or custodian. The facts in this case are similar. Petitioner, while looking at pornography, exposed his genitals to the victim, masturbated in front of her, and asked her to "touch it." Therefore, like the petitioner in *Simon*, petitioner's conduct constituted "sexual exploitation."

Finally, in light of the record on appeal, we find that even if trial counsel's performance had been deficient under an objective standard of reasonableness, and it was not, there is no

5

reasonable probability that, but for counsel's alleged ineffective assistance, the result of the proceedings would have been different.

Accordingly, for the foregoing reasons, we affirm the January 31, 2019, order of the Circuit Court of Marion County denying petitioner's petition for post-conviction habeas relief.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman